# Exhibit J



EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

THE DIRECTOR

June 12, 2025

M-25-29

MEMORANDUM TO THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

FROM:   Russell T. Vought
        Director

SUBJECT:   Use of Project Labor Agreements on Federal Construction Projects – Amendments to OMB Memorandum M-24-06

    Over the last several months, some agencies have issued overly broad Federal Acquisition Regulation (FAR) deviations related to Project Labor Agreements (PLAs) and the use of those agreements. The deviations have signaled an inconsistent Administration position relating to the use of PLAs. For clarity, the Trump Administration supports the use of PLAs when those agreements are practicable and cost effective, and blanket deviations prohibiting the use of PLAs are precluded. Executive Order (E.O.)14063 remains in effect with further explanation provided to the exceptions in E.O. 14063, OMB Memorandum M-24-06, and subpart 22.5 of the FAR. Agencies should coordinate with OMB and the Office of Federal Procurement Policy (OFPP) before issuing deviations that can affect the Federal Government at an enterprise level.

    FAR 22.504 (d)(ii) already provides an exception from the requirement to use PLAs on large-scale construction contracts when market research indicates that requiring a PLA on the project would substantially reduce the number of potential offerors to such a degree that adequate competition at a fair and reasonable price could not be achieved. The FAR explains that a likely reduction in the number of potential offerors is not, by itself, sufficient to except a contract from coverage under this authority unless it is coupled with the finding that the reduction would not allow for adequate competition at a fair and reasonable price. Memorandum M-24-06 further explains that, in general, two or more qualified offers is sufficient to provide adequate price competition for negotiated contracts and three or more qualified bids is sufficient to provide adequate price competition for sealed bids.

    Since issuance of the final FAR rule and OMB guidance implementing E.O. 14063, agencies awarding large-scale construction projects have expressed concerns regarding their ability to generate sufficient competition to achieve fair and reasonable pricing and further expressed concerns based on their market research of large potential future cost increases if PLAs are required.

Accordingly, section 2.b.ii of OMB Memorandum M-24-06 is amended to read as follows:

*Exercising exception where PLA would inhibit competition.* In evaluating the anticipated impact of a PLA on the agency's ability to conduct a competition, the agency should focus on whether the results of inclusive market research point to a sufficient number of anticipated offerors to achieve fair and reasonable pricing. Subject to the particular findings of market research, including market conditions in the specific geographic region where the construction project is planned, for purposes of this exception, two qualified offers should generally be sufficient to provide adequate price competition for negotiated contracts (FAR 15.403-1(c)(1)) and three or more qualified bids is sufficient to provide adequate price competition for sealed bids (FAR 14.408-1(b)). If adequate price competition can be achieved, use of this exception would not be appropriate, even if the number of offerors who indicate they will not compete because of the PLA is significantly higher than the number of sources who have expressed an intent to compete. If, based on market research for a given project, two or more offerors express interest (or three bids for sealed bidding) but prices are expected to be higher than the government's budget by more than 10 percent due to the PLA requirement, the agency may use this finding to support a determination that fair and reasonable pricing cannot be achieved.

The other exceptions recognized in the E.O., implementing regulations, and OMB guidance remain in effect. These exception clarifications include a determination that use of a PLA will not promote economy and efficiency due to unusual and compelling urgency, or requiring a PLA on the project would be inconsistent with federal statutes, regulations, Executive Orders, or Presidential memoranda.

Agencies should use PLAs when practicable and cost-effective. Agencies should rescind any deviations related to PLAs that were issued prior to the date of this guidance. Independent agency interpretation for PLA use should no longer occur. Agencies are further reminded to report on their use of exceptions and awards with PLAs in accordance with section 3 of OMB Memorandum M-24-06 to OFPP.

Finally, agencies should refer to the Attachment for other updates to M-24-06 to remove references to rescinded executive actions to advance diversity, equity, and inclusion and to align the guidance to this Administration's priorities.

Attachment

Additional Amendments to Memorandum M-24-06

The following additional amendments are made to M-24-06 to remove references to rescinded executive actions to advance diversity, equity, and inclusion and to align the prior Administration's guidance to this Administration's priorities.

a. The second paragraph of section 1.b.ii is revised to read as follows:

Accordingly, agencies must make sure that their market research is conducted in a manner that seeks to identify *both* union and non-unionized contractors that may be interested in participating in the competition. Examples cited in the FAR rule preamble include the following:

b. Section 1.b.iii is revised to read:

*National, regional and local interest.* The requirement to gauge national, regional, and local interest ensures that agencies can fully evaluate the extent to which sources in the marketplace, including new entrants, might compete. The FAR rule explains that, while unions have the ability to recruit skilled workers nationally to address local skilled labor shortages, its intent is not to replace local workers for the sole purpose of employing non-local union members. The E.O. and FAR rule provide flexibility for the parties to take unique local needs into consideration when negotiating PLAs on a project-by-project basis.

c. The last sentence of footnote 6 referencing rescinded Executive Orders 13985 and 14091 is deleted.